The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on January 10, 2019, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: January 10, 2019**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| TODD MARTIN DAVITT & | ) | Case No. 16-15656 |
| MAECHELL CATHERINE DAVITT, | ) | |
|    Debtors. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| MARVIN A. SICHERMAN, | ) | |
| TRUSTEE, | ) | Adversary Proceeding |
|    Plaintiff. | ) | No. 18-1053 |
| | ) | |
| v. | ) | |
| | ) | |
| TODD MARTIN DAVITT & | ) | |
| MAECHELL CATHERINE DAVITT, | ) | |
|    Defendants. | ) | |

## MEMORANDUM OF OPINION[1]

On June 3, 2018, Marvin A. Sicherman, the Chapter 7 trustee, initiated this adversary proceeding alleging that the debtors, Todd Martin Davitt and Maechell

---

[1] This Opinion is not intended for official publication.

Catherine Davitt, had failed to comply with the Court's March 15, 2018, order requiring the debtors to turnover to the Trustee an amount of $2,512.02 by April 30, 2018. Accordingly, the trustee is seeking revocation of the debtors' discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A). This matter is currently before the Court on the trustee's motion for summary judgment. For the reasons that follow, the trustee's motion is granted.

## JURISDICTION

The Court has jurisdiction over this action. A claim for revocation of discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A) is a core proceeding under 28 U.S.C. §§ 157(b)(2)(J) and 1334 and Local General Order No. 2012-7, entered by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed. On October 13, 2016, the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The Court granted the debtors a discharge on January 21, 2017 (Docket No. 13). On January 7, 2018, the trustee filed a motion requesting the Court to compel the debtors to turnover the sum of $2,512.02, consisting of the non-exempt portions of the debtors' 2016 income tax refunds (Docket No. 22). On February 13, 2018, the Court granted the debtors leave to file

2

18-01053-aih    Doc 12    FILED 01/10/19    ENTERED 01/11/19 13:29:45    Page 2 of 8

a written response to the trustee's motion and adjourned the hearing on the Trustee's motion to March 13, 2018 (Docket No. 24). On March 15, 2018, the Court entered an order granting the trustee's motion and directing the debtors turnover the agreed upon amount of $2,512.02 to the trustee.

When the debtors failed to turnover this amount, the trustee filed the above-captioned adversary proceeding on June 3, 2018, asserting that the debtors had failed to obey the Court's order directing turnover of the funds and seeking to have the debtors' discharge revoked under 11 U.S.C. § 727(d)(3) and (a)(6)(A) (Adv. Pro. Docket No. 1). The debtors filed an amended answer on July 18, 2018, admitting that they did not turnover the amount to the Trustee but indicating they failed to do so because of financial inability to comply with the order (Adv. Pro. Docket No. 5). On July 24, 2018, the Court held a pretrial conference where the parties requested a trial scheduling order. On July 26, 2018, the Court issued a trial scheduling order, giving the parties until November 30, 2018, to file dispositive motions and scheduling trial for March 6, 2019 (Adv. Pro. Docket No. 6). On November 25, 2018, the trustee filed a motion for summary judgment (Adv. Pro. Docket No. 11). The debtors did not timely respond to the trustee's motion for summary judgment.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Fed R. Bankr. P. 7056. Although Rule 56 was amended in 2010, the amendments did not substantively change the summary judgment standard. *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party." *Id.* at 570. "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## DISCUSSION

The trustee seeks to have the Court revoke the debtors' discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A). Section 727(d)(3) provides in pertinent part:

4

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
>> (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

11 U.S.C. § 727(d)(3). Section 727(a)(6)(A) provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless–
>> . . . .
>> (6) the debtor has refused, in the case–
>>> (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

11 U.S.C. § 727(a)(6)(A).

Courts are split regarding what level of intent must be demonstrated under § 727(a)(6). *See In re Gentry*, 275 B.R. 747, 754 (Bankr. W.D. Va. 2001). Some courts have found that the word "refused" means that there must be a showing that the debtor willfully and intentionally refused to obey the court's order. *See Smith v. Jordan* (*In re Jordan*), 521 F.3d 430, 434 (4th Cir. 2008); *Concannon v. Constantini* (*In re Constantini*), 201 B.R. 312, 316 (Bankr. M.D. Fla. 1996); *Wilmington Trust Co. v. Jarrell* (*In re Jarrell*), 129 B.R. 29, 33 (Bankr. D. Del. 1991). Other courts have found that § 727(a)(6) is similar to a charge of civil contempt, thus negating the intent requirement. *See Hazlett v. Gorshe* (*In re*

5

*Gorshe*), 269 B.R. 744, 746 (Bankr. S.D. Ohio 2001); *Hunter v. Watson* (*In re Watson*), 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

This Court agrees with the courts that have found § 727(a)(6) to be similar to a charge of civil contempt. As other courts have noted, if Congress had intended to include a willfulness or intentional standard in § 727(a)(6), Congress could have done so, as it did in § 727(a)(2). *See Hunter v. Magack* (*In re Magack*), 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999).

The Sixth Circuit has held that in order for a party to be held liable for civil contempt, the moving party must establish that: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Watson*, 247 B.R. at 436 (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

First, the trustee has established that debtors had knowledge of the Court's March 15, 2018, order directing them to turnover the funds and the debtors' amended answer filed on July 18, 2018, confirms their knowledge of the order. *See* Adv. Pro. Docket No. 5. Second, the debtors failed to turnover the funds, thus violating the order. Finally, the order was specific and definite. *See* Docket No. 29.

Once the moving party establishes these three elements, the debtor has "an obligation to explain [her] non-compliance." *Jordan*, 521 F.3d at 434 (quoting *Missouri ex rel. Nixon v. Foster* (*In re Foster*), 335 B.R. 716 (Bankr. W.D. Mo. 2006)). Impossibility or inability to comply with the order are valid defenses to an action to revoke a debtor's discharge under § 727(a)(6)(A). *See Magack*, 247 B.R. at 410. Mere assertions by the debtor are not sufficient; rather, the debtor must provide supporting evidence to explain the noncompliance. *See Magack*, 247 B.R. at 410 (citing *Harrison v. Metropolitan Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1998)). A debtor may not merely assert a present inability to comply, but must instead "introduce supportive evidence showing that all reasonable efforts to comply have been undertaken." *Magack*, 247 B.R. at 410–11.

In this proceeding, the trustee has established the necessary facts for revocation of the debtors' discharge under § 727(d)(3) and (a)(6)(A) (Adv. Pro. Docket No. 11). The debtors were given an opportunity to explain their failure to comply with the Court's order directing turnover of funds, but failed to offer specific, supportive evidence in response to the trustee's motion for summary judgment. After reviewing the evidence in a light most favorable to the debtors, the Court finds no genuine issue of material fact as to the debtors' failure to obey

7

the Court's order directing turnover of funds in the amount of $2,512.02. Accordingly, judgment in favor of the trustee, and revocation of the debtors' discharge under § 727(d)(3) and (a)(6)(A), are warranted as a matter of law.

CONCLUSION

For the reasons stated above, the Court grants the trustee's motion for summary judgment and revokes the debtors' discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A).

IT IS SO ORDERED.